Hearing Date: December 22, 2016 at 10:00 a.m.
Objection Deadline: December 15, 2016
Reply Deadline: December 19, 2016 by 4:00 p.m.

Norman Flitt, Esq.
ROSENBERG & ESTIS, P.C.
733 Third Avenue
New York, New York 10017
Telephone: (212) 687-6000
Facsimile: (212) 551-8484
Email: nflitt@rosenbergestis.com

*Attorneys for 250 West Owner LLC, 250 West*
*Owner II LLC and 250 West Owner III LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                              :        Chapter 11
                                                    :
THREE AMIGOS SJL REST., INC.,                       :        Case No.  16-13341 (SMB)
                                                    :
                         Debtor.                    :
--------------------------------------------------------x

**MEMORANDUM OF LAW OF 250 WEST OWNER LLC, 250 WEST OWNER II LLC**
**AND 250 WEST OWNER III LLC IN SUPPORT OF ITS MOTION TO VACATE THE**
**AUTOMATIC STAY TO PERMIT THE DEBTOR'S EVICTION**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ......................................................................................................2

JURISDICTION AND VENUE ....................................................................................................5

FACTS .........................................................................................................................................5

ARGUMENT ...............................................................................................................................5

OWNER SHOULD BE GRANTED RELIEF FROM THE AUTOMATIC STAY TO
RECOVER POSSESSION OF THE PREMISES ...........................................................................5

      A.    The Lease Was Declared to Have Been
             Terminated, Both By Notice of Termination
             and By Appellate Division Declaration,
             Pre-Petition and Cannot be Revived by This Court....................................................5

      B.    The Rooker-Feldman Doctrine and Comity Preclude any
             Challenge to the Appellate Division Order and Ensuing Judgment ......................11

      C.    Cause Exists to Lift the Automatic Stay To
             Permit the Debtor's Eviction From the Premises ..................................................13

CONCLUSION...........................................................................................................................17

RE\17705\0007\655166v3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Alleyne v. Townsley,
  110 A.D.2d 674 (2d Dep't 1985) ........................................................................... 10

Bell v. The Alden Owners, Inc.,
  199 B.R. 452 (1996) ............................................................................................... 11

In re Briarpatch Film Corp.,
  281 B.R. 820 (2002) .......................................................................................... 11, 12

In re Cohoes Industrial Terminal, Inc.,
  62 B.R. 369 (U.S. Bankr. Ct., S.D.N.Y., 1986) ...................................................... 7

In re Éclair Bakery Ltd.,
  255 B.R. 121 (U.S. Bankr. Ct., S.D.N.Y., 2000) .................................................... 9

In re Hudson Transfer Group, Inc.,
  245 B.R. 456 (U.S. Bankr. Ct., S.D.N.Y., 2000) .................................................... 9

In re Lady Liberty Tavern Corp.,
  94 B.R. 812 (U.S. Dist. Ct., S.D.N.Y., 1988) ..................................................... 8, 9

In re Sonnax Indus., Inc.,
  907 F.2d 1280 (2d Cir. 1990) .......................................................................... 13, 14

In re Spectee Group, Inc.,
  185 B.R. 146 (U.S. Bankr. Ct., S.D.N.Y., 1995) .................................................. 15

In re Syndicom Corporation,
  268 B.R. 26 (U.S. Bankr. Ct., S.D.N.Y., 2001) ................................................... 15

Kelleran v. Andrijevic,
  825 F.2d 692 (2d Cir. 1987),
  cert. denied 484 U.S. 1007 (1988) .......................................................................... 9

Super Nova 330 LLC v. Gazes,
  693 F.3d 138 (2012) .............................................................................................. 10

**Statutes**

11 U.S.C. §362(d) ..................................................................................................... 5

11 U.S.C. §362(d)(1) ........................................................................................... 1, 13

RE\17705\0007\655166v3

28 U.S.C. §1334 ................................................................................................ 5

28 U.S.C. §1409(a) .......................................................................................... 5

28 U.S.C. §157 ................................................................................................. 5

RPAPL § 749(3) ............................................................................................. 10

RPAPL Article 6 ............................................................................................. 10

RPAPL Article 7 ............................................................................................. 10

## **Rules**

Bankruptcy Rule 9027(i) ................................................................................ 12

Hearing Date: December 22, 2016 at 10:00 a.m.
Objection Deadline: December 15, 2016
Reply Deadline: December 19, 2016 by 4:00 p.m.

Norman Flitt, Esq.
ROSENBERG & ESTIS, P.C.
733 Third Avenue
New York, New York 10017
Telephone: (212) 687-6000
Facsimile: (212) 551-8484
Email: nflitt@rosenbergestis.com

*Attorneys for 250 West Owner LLC, 250 West
Owner II LLC and 250 West Owner III LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                              :          Chapter 11
                                                    :
THREE AMIGOS SJL REST., INC.,                       :          Case No.  16-13341 (SMB)
                                                    :
                              Debtor.               :
-------------------------------------------------------x

**MEMORANDUM OF LAW OF 250 WEST OWNER LLC, 250 WEST OWNER II LLC
AND 250 WEST OWNER III LLC IN SUPPORT OF ITS MOTION TO VACATE THE
<u>AUTOMATIC STAY TO PERMIT THE DEBTOR'S EVICTION</u>**

250 West 43 Owner, LLC, 250 West 43 Owner II, LLC and 250 West 43 Owner III, LLC

(hereinafter, collectively, "Owner"), by and through its undersigned counsel, hereby submits this

memorandum of law in support of its motion (the "Motion") for an order:  (a) vacating the

automatic stay pursuant to 11 U.S.C. §362(d)(1) to permit Owner's enforcement of its rights in,

and remedies in and to, the property described as all rooms in the street level premises located at

252 West 43rd Street, New York, New York, currently occupied by the Debtor, Three Amigos

SJL Rest., Inc. (the "Debtor"), and operated as a gentlemen's club known as Cheetahs (the

"Premises"), by (1) directing the United States Marshals to enforce an order entered November

15, 2016 by the Appellate Division, First Department (the "Appellate Division Order") in a state

court action commenced in December 2014 and entitled "Three Amigos SJL Rest., Inc. v. Alphonse Hotel Corp., 250 West 43 Owner, LLC, 250 West 43 Owner II, LLC, 250 West 43 Owner III, LLC, and Athene Annuity and Life Company" (the "State Court Action"), [1] which Appellate Division Order granted partial summary judgment to Owner declaring the Debtor's lease for the Premises to have been terminated in December 2014, and directing the Clerk of New York County to enter judgment accordingly, which judgment was duly entered in the Office of the Clerk of New York County on November 22, 2016, awarding possession of the Premises to Owner and directing the Debtor's eviction from the Premises, or (2) allowing Owner to continue enforcing the judgment through the Sheriff of New York County; and (b) granting such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

Owner is the owner and landlord of the Premises at which the Debtor herein currently operates a gentleman's club known as Cheetahs.  The building was previously operated as the Hotel Carter, and Owner is now engaged in an extensive reconstruction and renovation of the building.

The Debtor's Lease for the Premises was terminated by the Appellate Division Order, which granted partial summary judgment to Owner, declaring that the Lease had been terminated pursuant to a Notice of Termination served in December 2014 as a result of the Debtor's failure to cure its default of the insurance requirements of the now terminated Lease by providing retroactive umbrella coverage in the amount of $10,000,000.  A copy of the Appellate Division Order is annexed as Exhibit "A" to Owner's moving papers.  A copy of the terminated Lease is annexed to Owner's moving papers as Exhibit "B".  The Appellate Division Order was entered

---

[1]    All defined terms herein shall have the same meanings ascribed to them in the accompanying declaration of Norman Flitt, Esq., dated December 8, 2016 (the "Flitt Declaration").

- 2 -

after a fully-briefed and orally argued appeal in the State Court Action. The Appellate Division directed the Clerk of New York County to enter judgment in accordance with the Order and Exhibit "C" to Owner's moving papers is a copy of the ensuing judgment.

By its Order, the Appellate Division also vacated the Yellowstone injunction issued by Supreme Court, and dismissed the Debtor's claims in the action for Yellowstone-related relief (such as, inter alia, judgments declaring that the Debtor had the right to possess the Premises, that it had not defaulted under its Lease and that Owner had no right to evict the Debtor pursuant to its Notice of Termination). The Appellate Division has now resolved all possessory issues and claims in Owner's favor.

The Appellate Division Order and ensuing judgment expressly provided for the severance of the Debtor's remaining damage claims against the defendants (with the exception of defendant Athene Annuity and Life Company, which was let out of the case by stipulation dated June 3, 2016, a copy of which is annexed to Owner's moving papers as Exhibit "D"), and pre-trial disclosure with respect to the damage claims was continuing in state court.

In that regard, defendant Alphonse was pursuing its right to conduct a videotaped deposition of Dominica O'Neill, a witness on behalf of the Debtor. The Debtor objected to the videotaping of the deposition and the objection was heard in a conference call with Justice Edmead on November 29, 2016. As a result of that call, Justice Edmead issued an order, a copy of which is annexed to Owner's moving papers as Exhibit "E".

In that order, the witness was directed to appear on December 1, 2016 for the videotaped deposition and Justice Edmead determined that the Debtor's affirmative claims for damage could continue in state court notwithstanding the automatic stay as a result of the filing of the instant proceeding.

RE\17705\0007\655166v3

Rather than comply with the state court order, the Debtor filed a notice to remove the State Court Action to this Court on the day Debtor's witness was to appear for the deposition, and a copy of the removal notice is annexed to Owner's moving papers as Exhibit "F".  The Clerk of the District Court rejected the removal notice the next day because of various defects and removed it from the Docket (see, Exhibit "G" annexed to Owner's moving papers).  The Debtor may yet succeed in removing the State Court Action, and just yesterday filed another defective removal notice, which failed to annex the required pleading in the State Court Action.

As explained herein, the Lease, having been adjudged to have terminated pre-petition, cannot be revived by this Court and the Debtor no longer has any possessory rights thereunder. The Debtor continues in occupancy of the Premises as a holdover without Owner's consent, and Owner would obviously like to enforce the judgment and evict the Debtor at the earliest opportunity.

It is Owner's position that the Appellate Division Order and ensuing judgment, both of which were entered before the Debtor commenced the instant proceeding on November 28, 2016, remain effective and binding on the Debtor and essentially unchallengeable.    But for this proceeding, Owner would have enforced the judgment and recovered possession of the Premises. In fact, the judgment had already been sent to the Sheriff of New York County to enforce when this proceeding was filed on November 28, 2016.

By virtue of the filing of this proceeding, Owner is now compelled to seek relief from the automatic stay so as to proceed with its enforcement of the judgment and recovery of possession of the Premises, either in this Court through direction to the United States Marshals to evict the Debtor, or in state court through the Sheriff of New York County.[2]

---

[2]    This Court has the power to order the Debtor's eviction even if the Debtor never properly removes the State Court Action to this Court.  Assuming, arguendo, that the Debtor eventually succeeds in removing the State

RE\17705\0007\655166v3

## JURISDICTION AND VENUE

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334. Owner has standing to seek the relief requested herein as a "party in interest" pursuant to 11 U.S.C. §362(d). Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

## FACTS

The relevant facts are fully set forth in the accompanying Declaration of Norman Flitt, Esq., dated December 8, 2016, and the Affidavit of Meyer Chetrit, sworn to on December 7, 2016 ("Chetrit Affidavit"), to which the Court is respectfully referred.

## ARGUMENT

### OWNER SHOULD BE GRANTED RELIEF FROM THE AUTOMATIC STAY TO RECOVER POSSESSION OF THE PREMISES

**A.     The Lease Was Declared to Have Been Terminated, Both By Notice of Termination and By Appellate Division Declaration, Pre-Petition and Cannot be Revived by This Court**

Where a lease is terminated pre-petition, either by the expiration of its terms or, as here, by Notice of Termination and subsequent judicial declaration by the Appellate Division, the lease cannot be revived in a bankruptcy court proceeding and cannot therefore be considered an asset of the bankruptcy estate. Such is the case here.

By the Appellate Division Order (Exhibit "A" annexed to Owner's moving papers), the Appellate Division, First Department unanimously reversed Supreme Court, holding and declaring as follows:

> "Order, Supreme Court, New York County (Carol Edmead, J.), entered September 29, 2015, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for a *Yellowstone* injunction, and denied defendant Alphonse Hotel Corp.'s, the then

---

Court Action to this Court, there would be no question as to the Court's jurisdiction, power and authority to evict the Debtor.

RE\17705\0007\655166v3

landlord's, cross motion for partial summary judgment declaring in its favor on the first, third, fourth, and fifth causes of action in the amended complaint, and dismissing the second cause of action in that complaint except the portion related to a 2011 letter agreement, unanimously reversed, on the law, without costs, plaintiff's motion denied, and defendant's cross motion granted. The Clerk is directed to enter judgment accordingly.

\*    \*    \*

Plaintiffs admitted failure to procure retroactive umbrella coverage was a material breach allowing for termination of the lease (*see Kel Kim Corp. v Central Mkts.*, 70 NY2d 900 [1987]; *C & N Camera & Elecs. v Farmore Realty*, 178 AD2d 310, 311 [1st Dept 1991]).

Plaintiff is not entitled to a *Yellowstone* injunction, since it sought such relief after the expiration of the cure period specified in the lease and the notice to cure. A tenant is not entitled to a Yellowstone injunction after the expiration of the cure period (*see 166 Enters. Corp. v IG Second Generation Partners, L.P.*, 81 AD3d 154, 158 [1st Dept 2011]; *see also KB Gallery, LLC v 875 W. 181 Owners Corp.*, 76 AD3d 909 [1st Dept 2010]). Although this Court has recognized a limited exception in certain circumstances (*see Village Ctr. for Care v Sligo Realty & Serv. Corp.*, 95 AD3d 219 [1st Dept 2012]), plaintiff does not so argue that it sought to cure the default. Rather, plaintiff claims that it cured the default within the specified period. Accordingly, it needed to move for Yellowstone relief before the expiration of the specified period (*see Retropolis, Inc. v 14th St. Dev. LLC*, 17 AD3d 209, 210 [1st Dept 2005]), which it failed to do.

We have considered plaintiffs arguments in support of its motion and in opposition to the former landlord's cross motion, and find them unavailing."

The ensuing judgment (Exhibit "C" to Owner's moving papers) provides, in pertinent

part:

"**ORDERED, ADJUDGED AND DECREED**, that Owner's cross-motion for partial summary judgment is granted as follows: the first, third, fourth and fifth causes of action in the Amended Complaint dated January 20, 2015 (the "Amended Complaint"), which are now restated as the second, fourth, fifth and sixth causes of action in the Second Amended Complaint dated November 5, 2015 (the "Second Amended Complaint") are hereby declared in

- 6 -

Owner's favor and the second cause of action in the Amended
Complaint (now set forth as the third cause of action in the Second
Amended Complaint) is dismissed except for the portion related to
a 2011 letter agreement, and the remaining causes of action are
hereby severed and continued; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Tenant's
<u>Yellowstone</u> motion is denied; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Tenant
materially breached the Lease by failing to procure retroactive
umbrella coverage and has therefore violated a substantial
obligation of its tenancy under the Lease; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Lease has
been terminated by the Notice of Termination and that Tenant no
longer has any possessory rights in and to the Premises; and it is
further

**ORDERED, ADJUDGED AND DECREED**, that Owner is
entitled to recover immediate possession of the Premises from
Tenant; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Owner is
hereby awarded immediate legal possession of the Premises; and it
is further

**ORDERED, ADJUDGED AND DECREED**, that the Sheriff of
the County of New York is hereby directed to remove Tenant from
the Premises and restore possession of the Premises to Owner in
accordance with the provisions of this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Tenant, its
directors, officers, agents, servants, employees, attorneys and all
other persons or entities claiming title or possession under or
through Tenant shall be excluded from the Premises."

The automatic stay that issues upon filing of a bankruptcy proceeding should not enjoin a
landlord from enforcing rights with respect to property occupied by a debtor under a lease that
either expired or was terminated before the filing of the bankruptcy proceeding. <u>See</u>, <u>In re
Cohoes Industrial Terminal, Inc.</u>, 62 B.R. 369 (U.S. Bankr. Ct., S.D.N.Y., 1986) (where a state
court judgment entered against the party in default was held to be conclusive and binding where

the state court had jurisdiction over the defaulting party and the issues of jurisdiction and due process were duly litigated in state court).

The Appellate Division Order and ensuing judgment have preclusive effect in this proceeding. The Appellate Division Order issued after a fully-briefed appeal that was orally argued by the respective attorneys for Owner and the Debtor. There can be no question raised as to the Appellate Division's jurisdiction, authority and power to examine and resolve the issues. The Appellate Division Order declared the Lease to have been terminated as a result of the Debtor's failure to cure a default in compliance with the insurance requirements of the Lease within the applicable cure period and vacated Supreme Court's prior granting of a <u>Yellowstone</u> injunction.

The Appellate Division also dismissed each of the Debtor's claims for declaratory and injunctive relief, wherein the Debtor was seeking judgments declaring that it was not in default under the Lease, that it had cured the default within the cure period and that the Notice of Termination was premature, ineffective and void and that the owner/landlord was precluded from recovering possession of the Premises. The dismissal of these declaratory judgment claims resulted in the reverse declarations set forth in the ensuing judgment, which entitled Owner to recover possession of the Premises upon presentation of the judgment to the Sheriff, who would then deliver constructive possession of the Premises to Owner. The judgment had actually been delivered to the Sheriff and the process started before the petition in this proceeding was filed.

In <u>In re Lady Liberty Tavern Corp.</u>, 94 B.R. 812 (U.S. Dist. Ct., S.D.N.Y., 1988), the District Court had a similar situation before it and held that the automatic stay was either inapplicable or should be vacated with respect to eviction proceedings commenced in a New York State court to evict the debtor (Lady Liberty) from premises covered by a lease. The lease

RE\17705\0007\655166v3

at issue in <u>Lady Liberty</u> had been terminated pursuant to its terms by the landlord's service of a Notice of Cancellation, after which the landlord commenced proceedings in Civil Court to recover possession, ultimately obtaining a final judgment of possession in favor of the Landlord and against Lady Liberty.  As is required in the Civil Court, a warrant issued and was delivered to the Marshal, who served a 72-hour notice of eviction.  Lady Liberty then filed for bankruptcy, whereupon the landlord moved in Bankruptcy Court for a determination that the stay was either inapplicable or should be vacated with respect to the eviction proceedings.  In the alternative, the landlord sought an order from the Bankruptcy Court directing Lady Liberty to vacate.  The Bankruptcy Court denied the relief and the landlord appealed to the District Court.

The District Court reversed on the authority of <u>Kelleran v. Andrijevic</u>, 825 F.2d 692 (2d Cir. 1987), <u>cert. denied</u> 484 U.S. 1007 (1988), stating that the Court was required to give "preclusive effect … to the state court judgment terminating the lease and awarding possession of the premises to BSA."  94 B.R. at 813.  The District Court acknowledged that the Bankruptcy Court "was bound to give preclusive effect to the state court judgment to the same extent as would a New York court."  94 B.R. at 814.  <u>See also</u> <u>In re Éclair Bakery Ltd.</u>, 255 B.R. 121 (U.S. Bankr. Ct., S.D.N.Y., 2000) (<u>held</u> that state court judgment issued prior to the filing of a bankruptcy petition is <u>res judicata</u> in bankruptcy case, and debtor may not re-litigate issues which were already decided in state court, and that the filing of a bankruptcy petition does not revive a lease that was terminated pre-petition); <u>In re Hudson Transfer Group, Inc.</u>, 245 B.R. 456 (U.S. Bankr. Ct., S.D.N.Y., 2000) (bankruptcy petition does not revive a lease that was terminated pre-petition).

It should be emphasized here that the possessory claims in the instant case were brought by the Debtor in Supreme Court and ultimately resolved in Owner's favor by the Appellate

Division.   There was never any summary proceeding in Civil Court.   As such, the principles

associated with a common law action for ejectment governed by Article 6 of the New York State

Real Property Actions and Proceedings Law ("RPAPL") are applicable, rather than the

provisions of RPAPL Article 7, which apply exclusively to summary proceedings in Civil Court.

See, Alleyne v. Townsley, 110 A.D.2d 674 (2d Dep't 1985) (common-law action for ejectment

still survives in New York, which are governed by Article 6 of the RPAPL).

An important distinguishing factor between an ejectment action originating in Supreme

Court and a summary proceeding originating in Civil Court is the fact that a warrant of eviction

is not a requirement in an ejectment action.   Here, as is apparent from the judgment that the New

York County Clerk entered pursuant to the Appellate Division's direction, the ejectment

judgment is self-executing, requiring only the delivery to the Sheriff, who will then deliver legal

possession of the premises to Owner.   Thus, the situation presented in Super Nova 330 LLC v.

Gazes, 693 F.3d 138 (2012), is inapplicable.

In Super Nova, the landlord commenced a nonpayment proceeding against its tenant in

Civil Court and obtained a final judgment of possession and ultimately the issuance of a warrant

of eviction.   In reliance on RPAPL § 749(3), the Second Circuit held that there were proceedings

available to the tenant in Civil Court which could possibly result in the reinstatement of the lease

and the tenancy.   The fact that the final judgment originated in a nonpayment proceeding rather

than in a holdover proceeding brought after the tenancy was terminated also made a difference.

In the instant case, the Lease has been declared to have been terminated by the Appellate

Division, whose determination is final and binding on the parties and this Court.   Accordingly,

the Lease cannot be revived in this bankruptcy court proceeding, and cannot therefore be

considered an asset of the bankruptcy estate. This alone constitutes cause to lift the automatic stay.

Further, by virtue of the filing of this proceeding, this Court has the jurisdiction to enforce the judgment by ordering the United States Marshals to deliver constructive legal possession of the Premises to Owner, in place and instead of the Sheriff. Owner is entitled to an order to that effect, as the Lease was terminated pre-petition and cannot be revived by proceedings in this Court or otherwise, and the Debtor's possessory rights in and to the Premises pursuant to the Lease have now been terminated. A proposed order is attached to Owner's moving papers as Exhibit "H". Alternatively, this Court could lift the stay to allow Owner to proceed with the Sheriff to enforce the judgment, as Owner had been doing, before the filing of the Chapter 11 proceeding.

However, in no event should the Owner's recovery of possession be delayed or the possessory phase of the State Court Action (which was finally determined by the Appellate Division) be prolonged or extended.

**B.    The <u>Rooker-Feldman</u> Doctrine and Comity Preclude any**
**<u>Challenge to the Appellate Division Order and Ensuing Judgment</u>**

The Debtor cannot collaterally attack or challenge the Appellate Division Order or ensuing judgment in this Court because it would violate the <u>Rooker-Feldman</u> doctrine, under which the Debtor may not re-litigate issues that have already been finally determined by state court. Moreover, this Court cannot sit as an appeals court to review, modify or interfere with the enforcement of a final determination of the Appellate Division. To do that would violate the principles of comity. <u>See</u>, <u>e.g.</u>, <u>Bell v. The Alden Owners, Inc.</u>, 199 B.R. 452 (1996).

Judge Gropper held, in <u>In re Briarpatch Film Corp.</u>, 281 B.R. 820 (2002), that the Bankruptcy Courts must respect orders and judgments of state courts and cannot act as courts of

- 11 -

review or appeal as to matters that have been decided by state courts with jurisdiction.  Judge

Gropper further determined that bankruptcy proceedings may not be used as a means of re-

litigating issues that have already been finally determined in the state court action.  As Judge

Gropper explained:

> "Comity is a general principle, applicable in Federal-State as well
> as international situations, which provides that a court should
> respect the order and judgments of other courts.  *See* 18B
> CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND
> EDWARD  H.  COOPER,  FEDERAL  PRACTICE  AND
> PROCEDURE §§ 4468-69 (2d ed.2002).  Bankruptcy courts must
> respect the orders and judgments of State courts and cannot act as a
> court of review or appeal as to matters that have been decided by
> State courts with jurisdiction.   This rule has been effectuated
> through application of the principle of collateral estoppel, *see*, *e.g.*,
> *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1295 (5th Cir.
> 1995); the principle of res judicata, *In re Maurice*, 21 F.3d 767.
> 774 (7th Cir. 1994); and the *Rooker-Feldman* doctrine, which
> provides that a Federal court cannot reexamine a State judgment,
> *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195,
> 198-200 (2d Cir. 1996).    Whatever the rubric, 'Bankruptcy
> proceedings may not be used to re-litigate issues already resolved
> in a court of competent jurisdiction.'  *Kelleran v. Andrifevic*, 825
> F.2d 692, 695 (2d Cir. 1987)." 281 B.R. at 829.

Judge Gropper went on to note that even upon removal, and under Bankruptcy Rule

9027(i), all proceedings, orders and judgments in a state court action had prior to removal "shall

remain in full force and effect until dissolved or modified by the court."  This, however, does not

empower the Bankruptcy Court to review final determinations of an appellate court, such as the

Appellate Division Order.  As Judge Gropper commented:

> "The District Court is likewise restrained from acting as an
> appellate court in reviewing the State proceedings; as the Court
> emphasized in *RTC v. Nernberg*, the Federal court does not act as
> an appellate court in reconsidering State judgments: 'Rather, the
> motions that we envision are those in the nature of proceedings
> under Federal Rule of Civil Procedure 59(e) (motion to alter or
> amend a judgment) or those seeking to reopen to allow Resolution
> Trust to present issues not previously raised in the state litigation.'
> 3 F.3d at 69.  The Debtor's advocates complain bitterly about the

- 12 -

State court proceedings, but they do not identify what motions, such as a motion under Rule 59(c), would be available to them today (the Order and Judgment was entered in the State case years ago) or precisely what they would have this Court accomplish, other than to act as a general court of review." <u>Id</u>.

This analysis applies here with respect to the Appellate Division Order.

**C.     Cause Exists to Lift the Automatic Stay To
         Permit the Debtor's Eviction From the Premises**

A lifting of the stay for "cause" is governed by 11 U.S.C. §362(d)(1), which provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … (1) for cause…"  In determining whether such "cause" exists to lift the automatic stay, courts consider the following factors, enumerated in <u>In re Sonnax Indus., Inc.</u>, 907 F.2d 1280, 1286 (2d Cir. 1990):

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. *Sonnax*, 907 F.2d at 1286.

Here, the first, seventh and twelfth <u>Sonnax</u> factors warrant lifting the stay to allow Owner to proceed to enforce the judgement and recover possession of the Premises.  Under the first <u>Sonnax</u> factor, lifting the stay would enable Owner to recover possession of the Premises, consistent with the Appellate Division Order that the Lease has been terminated and that the Debtor consequently has no possessory rights relating to the Premises thereunder.  The ensuing

- 13 -

judgment, that the Appellate Division directed the Clerk of New York County to enter, is by its terms, self-executing.  In fact, Owner had already delivered the judgment to the Sheriff of New York County to enforce when the Debtor filed the instant proceeding on November 28, 2016.  As there is nothing left to do in the possessory phase but to evict Debtor from the Premises, the stay must be lifted immediately.

The seventh <u>Sonnax</u> factor also warrants lifting the stay, as the interests of the creditors would not be affected.  The creditors have claims for trade debts or professional services, and none of the claims relate directly to the Premises.  <u>See</u>, List of Creditors, Docket No. 1. Accordingly, Debtor's eviction will not affect the rights of the listed creditors.

Finally, the twelfth <u>Sonnax</u> factor, which considers the "impact of the stay on the parties and the balance of harms" weighs in favor of lifting the stay.  It is clear that the Debtor's bankruptcy filing (and attempted removal notice) were mere litigation tactics designed to frustrate Owner's ability and entitlement to recover possession of the Premises.  Further, the delay ensuing from the Debtor's filing of the instant proceeding has prevented Owner from continuing with its renovation and construction work on the ground floor of the Building.  Owner cannot file its plans with the New York City Department of Buildings, and the delay has caused Owner to incur additional construction costs (with the potential for substantial delay damages), and additional financing and carrying costs.  As such, the balance of harms weighs clearly in Owner's favor, and not in favor of the Debtor, which no longer has any possessory rights under the Lease or in and to the Premises.

As the Appellate Division Order and ensuing judgment expressly provided for the severance of Debtor's remaining damage claims against the defendants, pre-trial disclosure with respect to the damage claims was continuing in state court.  In this regard, Alphonse, a co-

RE\17705\0007\655166v3

defendant in the State Court Action, sought to take a videotaped deposition of the Debtor's principal and obtained a court order to that effect after a conference call with all parties and Justice Edmead.  Justice Edmead immediately thereafter issued an order (Exhibit "E" to the moving papers) directing the party to appear for the videotaped deposition and holding further that the automatic stay did not apply to the Debtor's affirmative claims for damages, which were effectively the only claims remaining to be adjudicated in the State Court Action.  Instead of appearing at the deposition, the Debtor filed its removal notice, a copy of which is annexed to Owner's moving papers as Exhibit "F").  The Clerk of the District Court rejected the removal notice the next day for various defects and removed it from the docket (Exhibit "G" to Owner's moving papers).[3]

Given this scenario, the Debtor is hard-pressed to show any grounds for denying the relief now sought by Owner.  It is apparent from the Debtor's timing and tactics that the primary function of this Chapter 11 proceeding was as a litigation tactic to avoid the Debtor's impending eviction pursuant to the judgment entered at the Appellate Division's direction.  As the Debtor's Lease has been irrevocably terminated, as finally determined by the Appellate Division, there is no reasonable likelihood that the Debtor intended to reorganize and no reasonable probability that the Debtor would eventually emerge from bankruptcy.  Considering this alongside the fact that Debtor filed this proceeding literally on the eve of its eviction from the Premises, the Debtor's continued pursuit of this proceeding smacks of bad faith.  See, e.g., In re Syndicom Corporation, 268 B.R. 26, 48-52 (U.S. Bankr. Ct., S.D.N.Y., 2001) (where the Bankruptcy Court, examining the totality of the circumstances, concluded that the case should be dismissed for cause); In re Spectee Group, Inc., 185 B.R. 146 (U.S. Bankr. Ct., S.D.N.Y., 1995) (court can

---

[3]    The Debtor may yet succeed in removing the State Court Action, and just yesterday filed another defective removal notice, which failed to annex the required pleading in the State Court Action.

- 15 -

award sanctions where there has been a bad-faith petition filing and an attempt to abuse judicial process).  Owner cites these cases only in passing insofar as Owner is not seeking to dismiss this proceeding as a bad-faith filing.  Rather, Owner is seeking immediate relief from the automatic stay so that Owner can recover possession of the Premises as quickly as possible and proceed with its extensive renovations at the subject property.

As is apparent from the accompanying Chetrit Affidavit, Owner cannot proceed with its extensive renovations of the first floor of the Premises until it recovers possession of the Premises.  As a result of the delay, Owner is incurring increased construction, financing and carrying costs for the Property and will soon be incurring substantial delay damages if construction cannot resume.  As the Lease was adjudicated to have been terminated by the Appellate Division Order, and a possessory judgment issued pursuant to that order pre-petition, the Debtor has no further possessory rights in the Premises under the Lease and cannot rely on the Lease in any potential reorganization, if any such reorganization is possible insofar as the Debtor is essentially a single-asset entity which is now without the asset (the Lease).

Based on all of the foregoing, cause exists to lift the stay to allow Owner to recover possession of the Premises by an order from this Court directing the United States Marshals to deliver legal possession of the Premises to Owner, in place and instead of the Sheriff, or allowing the Sheriff of New York County to enforce the judgment, as Owner had been doing, before the filing of this Chapter 11 proceeding.

- 16 -

## CONCLUSION

**WHEREFORE**, for these reasons, the stay should be lifted so that Owner may recover possession of the Premises, either through the United States Marshals or the Sheriff of New York County, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
        December 8, 2016

Respectfully submitted,

ROSENBERG & ESTIS, P.C.

BY:   */s/ Norman Flitt*
Norman Flitt
733 Third Avenue
New York, New York 10017
Telephone:  (212) 867-6000
Facsimile:  (212) 551-8484
Email: nflitt@rosenbergestis.com

*Attorneys for 250 West 43 Owner, LLC, 250 West 43 Owner II, LLC and 250 West 43 Owner III, LLC*

- 17 -